IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J. GUSTY YEAROUT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER |
| ) | |
| THE EQUITABLE LIFE ASSURANCE ) | 95-C-0385-S |
| SOCIETY OF THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF OPINION

In this appeal, J. Gusty Yearout and Cameron M. Grammas seek to review, for a second time in this court, a December 10, 1993, Order of the Bankruptcy Court. For the reasons which follow, the appeal will be denied.

I

On July 30, 1993, appellants filed in the Circuit Court of Jefferson County, Alabama, a complaint against the Equitable Life Assurance Society of the United States ("Equitable"), Equitable Real Estate Management, Inc. ("Equitable RE"), Robert E. Reed, and Robert A. Schleusner. Equitable and North Sixty Associates, Ltd. ("North Sixty"") were joint venture partners in Equitable-North Sixty Associates Joint Venture ("Joint Venture"). The Joint Venture was the owner of the SouthTrust Tower, the tallest building in downtown Birmingham, Alabama.

Yearout and Grammas are limited partners in North Sixty. Reed and Schleusner are limited partners of North Sixty, as well as officers of the general partner of North Sixty. In addition to being a Joint Venture partner, Equitable is the single largest creditor of the Joint Venture.

The Joint Venture defaulted on its obligation to Equitable in early 1993; and Equitable's scheduled foreclosure sale was halted by North Sixty's April 30, 1993, Involuntary Bankruptcy Petition under Chapter 11.

On June 24, 1993, the Bankruptcy Court appointed Charles Denaburg as the Chapter 11 Trustee. It denied, without prejudice, Equitable's Motion For Relief From The Automatic Stay.

As noted above, appellants in July 1993 filed their complaint in state court. They named Equitable, Equitable RE, Reed, and Schlesuner as defendants. The appellants made derivative claims on behalf of North Sixty <u>and</u> direct personal claims against the defendants.

Equitable subsequently removed the case to this Court. The Court referred the case to the Bankruptcy Court for the Northern District of Alabama. Equitable then moved the Court to join and substitute the Chapter 11 Trustee and North Sixty as real parties in interest. The Court joined the latter two entities as parties plaintiff, and reserved for subsequent determination the issue of appellants' standing.

On December 10, 1993, the Bankruptcy Court entered an order (1) substituting the partnership North Forty as the real party in interest in plaintiff's action, and (2) dismissing the appellants as parties on the ground that the claims ought to be asserted by them were derivative in nature.

Plaintiffs were two days late in filing their notice of appeal of that order with this court. On January 26, 1994, this court denied as untimely plaintiff's motion for leave to appeal the December 10 Order of the Bankruptcy Court. The January 26 Order of this Court was not appealed to the Eleventh Circuit.

Plaintiffs then moved in the Bankruptcy court, on April 26, 1994, for reconsideration of the December 10 order. The Bankruptcy Court treated the motion as a Fed.R.Civ.P. ("Rule") 59 motion to alter or amend. Treated as such, the Court held that the motion was barred by Rule 59(e)'s ten-day time limitation. It also held that relief was not warranted under Rule 60. It denied the motion for reconsideration on July 22, 1994.

On the same date, the Bankruptcy Court entered an Order (1) confirming [the] Joint Plan, (2) approving the Compromise and Settlement of claims between the Trustee, North Sixty, Equitable, Equitable RE, Reed, and Schleusner, and (3) dismissing the adversary proceeding, i.e., the case initially brought in state court by appellants), with prejudice. The Confirmation Plan has since been fully consummated.

3

Appellants timely appealed to this court the July 22 Order of the Bankruptcy Court.

## II

Review of the December 10, 1993, Order of the Bankruptcy Court, is foreclosed by the doctrine of *res judicata*. Appellants' argument that the December 10 Order was not a final order falls under its own weight. The December 10 Order, without question, removed appellants from lawsuit. That judicial action, with respect to appellants, was about as final, with respect to that court, as final can be. Appellants well understood the effect of the order, for they filed a notice of appeal twelve days later. The order had the same effect as the denial of a petition for intervention in a case. *U.S. v. Dallas County Comm'n, Dallas County, Alabama*, 850 F.2d 1433, 1442 (11th Cir. 1988).

Moreover, on consideration of the factors outlined *In re Club Associates*, 956 F.2d 1065, 1069 (11th Cir. 1992), the appeal is moot.

By separate order, this appeal shall be dismissed.

DONE this \_\_\_11th\_\_\_ day of February, 1997.

                                            UNITED STATES DISTRICT JUDGE
                                                 U. W. CLEMON